UNITED STATES DISTRICT COURT2025
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANNA SURMAN, by and through the Administrators of her Estate, GREGORY SURMAN and KAREN CONNOLLY; and Karen Connolly, in her individual capacity,<br><br>        Plaintiffs,<br><br>                -against-<br><br>MONGODB, INC,<br><br>        Defendant. | Case No. 26-cv-166<br><br>**NOTICE OF REMOVAL** |

**TO:    THE CLERK AND THE HONORABLE JUDGES**
**OF THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

Defendant MongoDB, Inc. ("MongoDB" or "Defendant"), hereby files this Notice of Removal of the above-captioned action to the United States District Court for the Southern District of New York, from the Supreme Court of the State of New York, County of New York, where the action is now pending, pursuant to Title 28, United States Code, Chapter 89 and states:

**STATE COURT ACTION**

1. Plaintiffs commenced this action against MongoDB on December 18, 2025, bearing Index No. 166276/2025 (the "State Court Action"). The State Court Action is now pending in the New York State Supreme Court for the County of New York.

2. On December 19, 2025, Plaintiffs served MongoDB with the Summons and Complaint in the State Court Action (the "Complaint") via its registered agent located in Albany, New York. This Notice of Removal is filed within 30 days of that date, as required by 28 U.S.C. § 1446(b).

3. Complete copies of the filings in the State Court Action, including a copy of the Summons, Complaint, and all other process and other papers filed in the State Court Action and/or served on MongoDB are attached hereto as **Exhibit A.**

**THIS COURT HAS JURISDICTION OVER THIS MATTER UNDER 28 U.S.C. § 1331**

4.  This "district court[] shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In deciding whether a suit arises under "the Constitution, laws, or treaties of the United States," that is, federal law, district courts follow the "well pleaded complaint" rule, under which a suit arises under federal law when the plaintiff's statement of her own cause of action shows that it is based on federal law. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Weir v. City of New York*, No. 22-426, 2023 U.S. App. LEXIS 9266, *2 (2d Cir. Apr. 19, 2023) (affirming removal to federal court based on federal question jurisdiction because the complaint included a claim under federal law).

5.  Counts One and Four of Plaintiffs' Complaint filed in the State Court Action each expressly state claims arising under federal law, as Plaintiff alleges violations of and damages pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112. See **Exhibit A**, Complaint, pp. 18-19 and 23 (alleging, among other things, that Mongo DB failed to accommodate Anna Surman under the ADA, that it discriminated against her in violation of the ADA, and that it wrongfully terminated her in violation of the ADA).

6.  Prior to filing the Complaint, Plaintiffs filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and requested a Notice of Right to Sue for claims asserted under the ADA. The EEOC issued a Notice of Right to Sue on December 30, 2025. The EEOC Charge of Discrimination and Notice of Right to Sue are attached hereto as **Exhibit B**.

7.  As the Complaint seeks a determination regarding whether Defendant violated federal law, this Court has original jurisdiction over this action and removal is proper without regard to the amount in controversy or citizenship of the parties. 28 U.S.C. § 1441(a).

8. Additionally, this Court has supplemental jurisdiction over Plaintiffs' state law claims arising under the New York State Human Rights Law ("NYSHRL"), New York City Human Rights Law ("NYCHRL"), and the New York Estate Powers and Trusts Law ("NYEPTL") for wrongful death and conscious pain and suffering, as well as the Plaintiffs' common law claim for negligent infliction of emotional distress. When a District Court has original jurisdiction over a civil action pursuant to 28 U.S.C. § 1331, the court also can exercise supplemental jurisdiction of the state law claims that "form part of the same case or controversy" as the federal law claims. 28 U.S.C. § 1367(a); *Alvarez v. A. Due Pyle, Inc.*, 2025 U.S. Dist. LEXIS 198523, at *13 (E.D.N.Y. Oct. 7, 2025) ("Where there is a proper basis for removal, a federal district court has . . . supplemental jurisdiction over 'all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy.'") (other citations omitted); *Weir*, 2023 U.S. App. LEXIS 9266, at *2 (affirming removal and expressly "including the state-law claims over which the district court could exercise supplemental jurisdiction under 28 U.S.C. § 1367.").

9. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over all other claims that are so related to Plaintiffs' federal causes of action under the ADA because "they form part of the same case or controversy." Specifically, Counts 2, 3, 5, 6, and 7 contain a "common nucleus of operative fact … such that [Plaintiffs] would ordinarily be expected to try them all in one judicial setting." *Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 245 (2d Cir. 2011) (other citation omitted); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).

10. Plaintiffs' state law claims are subject to this Court's supplemental jurisdiction because all claims, including the ADA claims, are based on alleged actions and inactions taken by MongoDB before the conclusion of Anna Surmans's employment with MongoDB. They also

relate or refer to alleged actions and inactions after Anna Surman's employment with MongoDB ended. *See generally* Exhibit A. As a result, Plaintiffs' claims under the NYSHRL, NYCHRL, NYEPTL, and New York State Common law contain the "same case or controversy" as her ADA claims and are subject to the Court's supplemental jurisdiction.

## **REMOVAL TO THIS COURT IS PROPER**

11. Removal to this Court is proper as the United States District Court for the Southern District of New York is the district court of the United States within which Plaintiffs' State Court Action is currently pending. See 28 U.S.C. §§ 112, 1441(a), 1446(a).

12. The Notice of Removal is being filed in the United States District Court for the Southern District of New York within thirty (30) days of service upon Defendant with the Summons and Complaint, as required by 28 U.S.C. § 1446. Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, a copy of this Notice of Removal will be filed with the Clerk of the Supreme Court of the State of New York, County of New York, which shall effectuate the removal and cause the state court to proceed no further unless and until the case is remanded.

## **NOTICE TO PLAINTIFF AND THE STATE COURT**

13. Promptly after filing the Notice of Removal, written notice of this removal shall be given to Plaintiff's counsel, SANFORD HEISLER SHARP MCKNIGHT, LLP, pursuant to 28 U.S.C. § 1446(d).

14. By filing this Notice of Removal, Defendant does not waive any objection that it may have as to service, jurisdiction, venue, or any other defenses available to it at law, in equity, or otherwise. Defendant intends no admission of fact or law by this Notice and expressly reserves all defenses and motions.

15. If the Court should be inclined to remand this action, Defendant requests that the Court issue an Order to Show Cause why the case should not be remanded, providing Defendant an

opportunity to present briefing and argument prior to any possible review. Because a remand order is not subject to appellate review, such a procedure is appropriate.

16. As required by 28 USC § 1446(a), this Notice of Removal is signed under Rule 11 of the Federal Rules of Civil Procedure.

## RELIEF REQUESTED

17. Defendant respectfully requests that the Court accept this Notice of Removal removing the State Court Action from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York, make such orders, if any, and take such action, if any, as may be necessary in connection with the removal of the State Court Action to this Court, and grant Defendant such other and further relief as the Court deems just and proper.

WHEREFORE, Defendant respectfully requests that this action proceed in this Court as an action properly removed to it.

Dated: January 8, 2026
New York, New York

**LITTLER MENDELSON, P.C.**

By: */s/ Rebecca Goldstein*
Rebecca Goldstein
Matthew D. Holmes
900 Third Avenue
New York, New York 10022.3298
Telephone: 212.583.9600
Facsimile: 212.832.2719
RGoldstein@littler.com
MDHolmes@littler.com

*Attorneys for Defendant*
*MongoDB, Inc.*

5